UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PJETER SINISHTAJ,

    Plaintiff(s),

v.

CHASE HOME FINANCE, LLC and
FEDERAL NATIONAL MORTGAGE
ASSOC. a/k/a FANNIE MAE,

    Defendant(s).
_____/

Case No. 09-10859

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT  [17]**

This matter comes before the Court on Defendants' motion to dismiss for failure to state claims upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6); or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, Defendants' motion is GRANTED.[1]

**I.    Facts**

In 2006, Pjeter Sinishtaj (Plaintiff) purchased a home commonly known as 21898 Hartford Way, Macomb Township, Michigan (Property). (Compl. ¶¶ 5, 8.) To finance the purchase, on September 15, 2006, Plaintiff obtained a loan from JPMorgan Chase Bank,

---

[1] A hearing on Defendants' motion was held on December 9, 2009 and Plaintiff's attorney did not appear. The "Court believes that Plaintiff's law firm is using ... lawsuits as a means of conducting fishing expeditions." *Jaafar v. Homefield Financial, Inc.*, 2009 WL 3602091, *3 (E.D. Mich. Oct. 27,2009). Plaintiff's law firm is on notice regarding the sanctionable nature of its conduct in "multiplyi[ng] the proceedings in any case unreasonably and vexatiously," under 28 U.S.C. § 1927.

N.A. in the amount of $139,500[2] with an interest rate of 7.625%. (Compl. ¶ 8; Defs.' Mot., Ex. A at 1.) Plaintiff executed a promissory note (Note) and, as security for the indebtedness due under the Note, Plaintiff executed a mortgage (Mortgage) encumbering the property. (Defs.' Mot., Exs. A, B.)

The mortgagee identified in the Mortgage is JPMorgan Chase Bank, N.A. (Defs.' Mot., Ex. B at 2.) On November 20, 2008, JPMorgan Chase Bank, N.A. assigned its interest in the property to Chase Home Finance, LLC (Chase). (Defs.' Mot., Ex. C.) Chase is the current servicer of the Note.

On February 24, 2009, Plaintiff filed suit in Macomb County Circuit Court making various allegations against Defendants concerning the September 2006 mortgage loan transaction. The Complaint presents, in total, thirteen state and federal claims.[3] (Notice of Removal ¶ 1; Compl. ¶¶ 28-106.) Plaintiff subsequently agreed to dismiss seven of his

---

[2] Plaintiff alleges in his Complaint that the loan was for $135,000. (Compl. ¶ 8.) Plaintiff's response, however, provides that "Plaintiff obtained a mortgage loan ... in the amount of $139,500." (Pl.'s Resp. at 9.) Further, the mortgage and note attached to Defendants' motion states that the loan was for $139,500. (Defs.' Mot., Ex. A at 1; Ex. B at 2.)

[3] The Complaint asserts the following claims: (Count I) accounting; (Count II) wrongful foreclosure; (Count III) violation of the Home Ownership and Equity Protection Act (HOEPA), 15 U.S.C. § 1639; (Count IV) state-law predatory lending claim; (Count V) violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq.*; (Count VI) fraudulent misrepresentation; (Count VII) negligent misrepresentation; (Count VIII) defamation of credit / violation of Fair Credit Reporting Act (FCRA); (Count IX) rescission of note and mortgage; (Count X) reformation of note and mortgage; (Count XI) violation of the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act (MMBLSLA), Mich. Comp. Laws § 445.1651, *et seq.*; (Count XII) usury / violation of the Usury Act, Mich. Comp. Laws § 438.31, *et seq.*; and (Count XIII) temporary restraining order and preliminary injunction. (Compl. ¶¶ 28-106.)

thirteen claims.[4] (Docket Text # 16.) The claims that have not been previously dismissed include: (Count III) violation of the HOEPA, 15 U.S.C. § 1639; (Count V) violation of TILA, 15 U.S.C. § 1601, *et seq.*; (Count VI) fraudulent misrepresentation; (Count VII) negligent misrepresentation; (Count XI) violation of MMBLSLA, Mich. Comp. Laws § 445.1651, *et seq.*; and (Count XIII) temporary restraining order and preliminary injunction.

Defendants removed the case to this Court on March 6, 2009 on the basis of federal question jurisdiction and diversity jurisdiction. Defendants removed on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over Plaintiff's federal claims, and supplemental jurisdiction over Plaintiff's state-law claims, pursuant to 28 U.S.C. § 1367, because they are so related to the federal claims set forth in the Complaint that they form part of the same case or controversy. (Notice of Removal ¶ 6.) Defendants also removed this case on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 and this action is between citizens of different states. (Notice of Removal ¶¶ 7-9.) On October 16, 2009, Defendants filed this motion. (Docket Text # 17.)

This matter is before the Court on Defendants' motion to dismiss for failure to state claims upon which relief can be granted; or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56.

---

[4] In a stipulated order, filed on September 29, 2009, Plaintiff dismissed with prejudice the following claims: (Count I) accounting; (Count II) wrongful foreclosure; (Count IV) state-law predatory lending claim; (Count VIII) defamation of credit / violation of FCRA; (Count IX) rescission of note and mortgage; (Count X) reformation of note and mortgage; and (Count XII) usury / violation of the Usury Act, Mich. Comp. Laws § 438.31, *et seq.* Plaintiff also agreed to a partial dismissal of (Count III) violation of HOEPA with respect to 15 U.S.C. § 1639(b)(3). (Docket Text # 16.)

## II.     Standard

### A.  Rule 12(b)(6) Motion to Dismiss Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a

court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

### B. Rule 56 Motion for Summary Judgment

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

### III.  Analysis

Plaintiff filed this consumer lending case, making various allegations against Defendants concerning a September 2006 mortgage loan transaction. Plaintiff alleges that "the mortgage loan ... was procured by fraud, misrepresentation and violations of state and federal mortgage consumer protection laws." (Compl. ¶ 23.) Specifically, Plaintiff's Complaint asserts the following principal allegations: (1) that Defendants "locked" Plaintiff into a mortgage loan that he could not afford to repay, as his net worth was negative $200,000; (2) that Plaintiff was promised that the financing scheme utilized was meant to be temporary and that he would be able to sell the Property or refinance the loan if paying the monthly loan payments became problematic; (3) that Defendants systematically inflated the supposed market values of properties throughout the mortgage market in order to lend more money; and (4) that Defendants made numerous sub-prime loans that were not based on true property values or the borrowers' actual ability to repay, and as a result Plaintiff did not know that he was entering into a loan for property that was not actually worth the amount represented to him. (Compl. ¶¶ 9, 13, 15-19, 21.)

Defendants argue that "Plaintiff's Complaint is a form pleading used by countless number of borrowers in an effort to improperly modify or avoid their legally binding mortgages." (Defs.' Mot. at 10.) Defendants contend that none of Plaintiff's claims have any

basis in law or in fact, and that each should be dismissed. In its motion, Defendants argue that Plaintiff's claims should be dismissed because the: (1) TILA claims are barred by the applicable one-year statute of limitations for damages, and are not subject to equitable tolling; (2) HOEPA claim fails because 15 U.S.C. § 1639(h) does not apply to the loan transaction at issue; (3) fraudulent misrepresentation, negligent misrepresentation, and MMBLSLA claims fail to state a claim upon which relief may be granted; and (4) Plaintiff is not entitled to injunctive relief. As to each, this Court agrees.

### A.  TILA Claims: Time Barred

In Count V of his Compliant, Plaintiff claims that Defendants violated TILA, 15 U.S.C. § 1601, *et seq.* TILA provides statutory penalties for failure to make certain disclosures required under the statute. "One of the primary purposes of the TILA is 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002) (quoting 15 U.S.C. § 1601(a)). Plaintiff alleges that Defendants violated TILA by providing "false interest rate, fee and monthly payment disclosures." (Compl. ¶ 55.)

While denying any such violation of TILA, Defendants argue that the statute of limitations bars Plaintiff's claims under TILA. In response, Plaintiff argues that the statutory period has not run, or in the alternative, that his claims are subject to equitable tolling.

TILA's statute of limitations, codified at 15 U.S.C. § 1640(e), provides: "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within *one year* from the date of the occurrence of the violation." 15 U.S.C. § 1640(e) (emphasis added). "[T]he statute of limitations begins to run 'when the

plaintiff has a complete and present cause of action' and thus 'can file suit and obtain relief.'" *Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp of Cal., Inc.*, 522 U.S. 192, 201 (1997) (internal quotations omitted)). Plaintiff obtained the loan on September 15, 2006 and did not file the instant lawsuit until February 24, 2009. This action was not commenced within one year, and the statutory period has, thus, run. Damages, therefore, based on the September 2006 loan are barred by the statute of limitations. *See id.*

Plaintiff alternatively argues that the doctrine of equitable tolling should bar the application of the statute of limitations to his claims. The Sixth Circuit has held that § 1640(e) is subject to equitable tolling "in appropriate circumstances," such as fraudulent concealment. *Borg v. Chase Manhattan Bank USA, N.A.*, 247 F. App'x 627, 635 (6th Cir. 2007) (quoting *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1043 (6th Cir. 1984)). In applying equitable tolling to the "'doctrine of fraudulent concealment, the limitations period runs from the date on which the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation.'" *Id.* The Sixth Circuit has explained that to toll the limitations period on the basis of fraudulent concealment, "a plaintiff must show '(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.'" *Hamilton County Bd. of Comm'rs v. NFL*, 491 F.3d 310, 315 (6th Cir. 2007) (quoting *Dayco Corp. v.*

*Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975)). Further, the alleged acts giving rise to the TILA claims cannot, standing alone, also support equitable tolling.[5]

Plaintiff's conclusory allegation regarding equitable tolling is insufficient to warrant equitable tolling. (*See, e.g.*, Compl. ¶ 57.) Plaintiff's response contains a recitation of non-binding case law from other jurisdictions where equitable tolling was invoked; however, Plaintiff does not present any arguments nor explain why the facts of this case should receive the benefit of equitable tolling. Plaintiff does not allege any wrongful concealment on the part of Defendants, or due diligence on his part, to require the Court to toll the statutory period. The Complaint merely asserts that tolling is appropriate because "the documents provided to Plaintiff were withheld from Plaintiffs [sic] and if they existed at all, were seriously misleading." (Compl. ¶ 56.) Plaintiff's response is similarly deficient–merely asserting that tolling is appropriate because "it is just the type of fraudulent concealment committed by Defendants that the doctrine of equitable tolling applies to" and that "[t]he equities in this case weigh in favor of tolling"–as it does not provide any factual basis to support its conclusions. (Pl.'s Resp. at 15-16.) Plaintiff has failed to persuade the Court that the doctrine of equitable tolling should be invoked here.

---

[5] *See In re Community Bank of Northern Virginia*, 467 F.Supp.2d 466, 479 (W.D. Pa. 2006) ("[T]he fraudulent act(s) that provide the factual predicate for the claim, i.e. inaccurate loan documents, cannot also satisfy the factual predicate justifying equitable tolling. To so hold would render the statute of limitations meaningless for fraud by its nature requires a deceit thus, to state a case for fraud would always suffice to state a case for fraudulent concealment. Rather, the Objectors must show the defendants took some active steps to mislead the borrowers with the result the borrowers were lulled into sitting on their right of redress. Restated, fraudulent concealment requires some additional affirmative fraudulent act to perpetuate the concealment. Mere inaction or silence is not sufficient.") (internal citations omitted).

Because Plaintiff's federal claims are time-barred and the doctrine of equitable tolling does not apply, the Court grants Defendants' motion and dismisses Plaintiff's TILA claims.[6]

### B. HOEPA Not Applicable

In Count III, Plaintiff alleges Defendants violated HOEPA[7] "[b]y extending credit to Plaintiffs [sic] without regard to their [sic] ability to repay the debt." (Compl. ¶ 43.) Specifically, Plaintiff alleges that Defendants violated 15 U.S.C. § 1639(h). This Court finds that Plaintiff's HOEPA claim fails because HOEPA does not apply to the mortgage loan transaction in this case.

To maintain a claim under HOEPA, 15 U.S.C. § 1639(h), HOEPA must apply to the specific mortgage transaction at issue, and Plaintiff must allege that it applies. *See, e.g.,*

---

[6] Plaintiff also argues that equitable tolling issues are not appropriate at the Rule 12(b)(6) stage because they depend on matters outside of the pleadings. (Pl.'s Resp. at 14 (citing *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006)).) However, the basis of Plaintiff's equitable tolling argument is that the disclosure was misleading, and this disclosure has been included as an exhibit. Plaintiff has not pointed to any additional facts supporting a finding of fraudulent concealment which would require further discovery, nor has Plaintiff filed a Rule 56(f) affidavit.

[7] HOEPA applies only to "high-cost loans," meaning: (1) loans with points and fees exceeding the greater of $400 or 8% of the total loan amount; or (2) an APR exceeding the rate of comparable Treasury securities by 10%. *See* 15 U.S.C. §§ 1639(a)(1), 1602(aa); 12 C.F.R. § 226.32(a)(1). The loan at issue here had an APR of 8.699%, thus, the later test will not be met. (Defs.' Mot., Ex. A.) As to the former test, Plaintiff argues that he was "apparently set to pay $234,668.34 in finance charges over the course of the loan" and that this constituted "over 165% of the amount borrowed," which, according to Plaintiff, "is over twenty times the amount required to trigger HOEPA." (Pl.'s Resp. at 18.) Plaintiff's calculation presumably includes interest over the life of the loan. "Points and fees" for purposes of HOEPA, however, include all finance charges *other than* interest on the loan. 12 C.F.R. § 226.32(a)(1) (emphasis added).Without Plaintiff's improper inclusion of interest in their points and fees calculation, there is no arguable basis for concluding that his loan is a "high-cost loan" subject to HOEPA. This Court, therefore, rejects Plaintiff's erroneous analysis and conclusion that the loan is a "high-cost loan" subject to HOEPA. Accordingly, Plaintiff's HOEPA claim is dismissed on this alternative ground.

*Walker v. Michael W. Colton Trust*, 47 F.Supp.2d 858, 865-66 (E.D. Mich. 1999). As to his HOEPA claim under § 1639(h), Plaintiff has failed to allege that HOEPA applies to the loan transaction at issue in this matter. Section 1639(h) provides:

> A creditor shall not engage in a pattern or practice of extending credit to consumers under *mortgages referred to in section 1602(aa)* of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment.

15 U.S.C. § 1639(h) (emphasis added). Section 1602(aa) provides: "A mortgage referred to in this subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, *other than a residential mortgage transaction*." 15 U.S.C. § 1602(aa) (emphasis added). A "residential mortgage transaction" is defined as:

> a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling *to finance the acquisition* or initial construction of such dwelling.

15 U.S.C. § 1602(w) (emphasis added). Plaintiff alleges in his Compliant that he obtained the loan to finance the acquisition of his principal residential dwelling, and such a loan is, thus, a residential mortgage transaction which is not subject to 15 U.S.C. § 1639(h). (*See* Compl. ¶ 8.) Although Plaintiff, in his response to Defendants' motion, contends that "the loan at issue in this litigation is a HOEPA loan," Plaintiff offers no factual or legal support for his vague and conclusory statement. (Pl.'s Resp. at 16.) Accordingly, Defendants are entitled to dismissal of Plaintiff's claims under § 1639(h).[8]

---

[8] Although Plaintiff had previously dismissed his claim for rescission (Count IX) in a stipulated order, to the extent he asserts a right to rescission under either Count III or Count V, such an argument is rejected. The right to rescind contained in 15 U.S.C. § 1635 applies only to transactions in which a security interest "is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is

### C. Predatory Lending: Not Recognized under Michigan Law

In Count IV, Plaintiff alleges that Defendants, in consummating the credit transaction with him, engaged in predatory lending. Plaintiff, however, previously dismissed this claim in a stipulated order. (Docket Text # 16.) Nevertheless, Plaintiff, in his response, argues that "Defendants are liable for predatory lending, which is a viable cause of action in other jurisdiction and which should be a viable cause of action in Michigan." (Pl.'s Resp. at 19-20.) The prior dismissal was "with prejudice." (Docket Text # 16.) Plaintiff's argument in favor of the creation of a cause of action for predatory lending, contained in his response, is irrelevant and is disregarded as moot.

Moreover, this Court holds that Michigan does not recognize such a claim. *See Saleh v. Home Loan Services, Inc.*, No. 09-10033, 2009 WL 2496682, at *2 n.1 (E.D. Mich. Aug.17, 2009); *see also Beydoun v. Countrywide Home Loans, Inc.*, No. 09-10445, 2009 WL 1803198, at *4 (E.D. Mich. June 23, 2009). When adjudicating state-law claims, this Court is required to decide an issue of state law as would the highest court of the state. *Combs v. International Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004). Plaintiff has failed to proffer authority to support a conclusion that the Michigan Supreme Court would recognize an independent tort claim of "predatory lending."

### D. Fraud Claims: Failure to State a Claim

Plaintiff asserts three claims based upon alleged misrepresentations made by Defendants: fraudulent misrepresentation (Count VI); negligent misrepresentation (Count

---

extended." 15 U.S.C. § 1635(a). It does not apply to "a *residential mortgage transaction* as defined in section 1602(w) of this title." 15 U.S.C. § 1635(e)(1) (emphasis added). As noted above, based on the allegations in Plaintiff's Complaint, the loan at issue in this matter is residential mortgage transaction. As such, there is no right of rescission.

12

VII); and violation of the MMBLSLA (Count XI). Defendants argue that each of these claims must be dismissed because Plaintiff has failed to properly allege any cognizable fraud. As to each claim, this Court agrees.

### 1. Fraudulent Misrepresentation and Negligent Misrepresentation

In his Complaint, Plaintiff merely pleads, in conclusory fashion and with no supporting facts, the elements of his state-law claims of fraudulent and negligent misrepresentation. He does not allege any facts that: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 883 (N.D. Ohio 1998). At a minimum, Plaintiff "must allege the time, place and contents of the misrepresentations upon which they relied." *Id.* Further, to survive a Rule 12(b)(6) motion to dismiss, Plaintiff's pleadings must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's allegations in Counts VI and VII fail to meet these requirements. At best, the allegations constitute recitations of the elements of fraudulent misrepresentation[9] and

---

[9] To state a claim of fraudulent misrepresentation, Plaintiff must establish the following: "(1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery." *Hi-Way Motor Co. v. International Harvester Co.*, 247 N.W.2d 813, 813 (Mich. 1976) (quoting *Candler v. Heigho*, 175 N.W. 141, 143 (Mich. 1919)).

negligent misrepresentation,[10] and are thus insufficient to survive Defendants' motion. *See Twombly*, 550 U.S. at 555; *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548.

Accordingly, Defendants are entitled to dismissal of Counts VI and VII as a matter of law.

### 2. Violation of MMBLSLA

Defendants also move to dismiss Count XI alleging violations of the MMBLSLA. As Plaintiff has not responded to Defendants' motion to dismiss this claim, the Court assumes he concedes this point and abandons the claim. Accordingly, Defendants are entitled to have the claim dismissed because it has filed a responsive pleading and Plaintiff has failed to dispute the arguments or otherwise prosecute the claim. *See* Fed. R. Civ. P. 41.

The alleged violations of the MMBLSLA[11] are also based on conclusory allegations of fraud. Consistent with the Court's ruling as to Counts VI and VII–that Plaintiff has failed to plead an actionable claim of fraud–Defendants are also entitled to dismissal of Count XI on this alternate ground.

Finally, Defendants are entitled to dismissal of Count XI because the MMBLSLA does not apply to Chase or to Fannie Mae. Specifically, Mich. Comp. Laws § 445.1675(m) provides that the MMBLSLA does not apply to:

> A mortgage broker, mortgage lender, or a *mortgage servicer that is a subsidiary or affiliate of a depository financial institution or a subsidiary or*

---

[10] The tort of negligent misrepresentation requires proof that: (1) the party justifiably relied to his detriment; (2) on information provided without reasonable care; and (3) by one who owed relying party duty of care. *See Law Offices of Lawrence J. Stockler v. Rose*, 436 N.W.2d 70, 81 (Mich. Ct. App. 1989).

[11] The MMBLSLA requires a showing that Defendants engage in "fraud, deceit, or material misrepresentation." Mich. Comp. Laws § 445.1672.

> *affiliate of a holding company of a depository financial institution*, if the depository financial institution maintains its main office or a branch office in this state.

Mich. Comp. Laws § 445.1675(m) (emphasis added). Defendants contend, and Plaintiff does not refute, that Chase is a subsidiary of JPMorgan Chase & Co.–a bank holding company of JPMorgan Chase Bank, N.A. (*See* Statement of Disclosure of Corporate Affiliations and Financial Interest [Docket Text # 2].) Thus, the MMBLSLA does not apply to Chase. Likewise the MMBLSLA does not apply to Fannie Mae because it exempts "[a]gencies or *corporate instrumentalities of the United States* and of this state and its political subdivision, including the public employees' retirement system." Mich. Comp. Laws § 445.1675(f) (emphasis added). Defendants contend, and Plaintiff does not refute, that Fannie Mae is a corporate body created by Congress, and is a corporate instrumentality of the United States. *See* 12 U.S.C. § 1717 (creating the corporate body known as the Federal National Mortgage Association a/k/a Fannie Mae); Compl. ¶ 3. Thus, the MMBLSLA does not apply to Fannie Mae.

Accordingly, Defendants are entitled to dismissal of Count XI.

**E. Injunctive Relief**

In Count XIII of his Complaint, captioned "Temporary Restraining Order / Preliminary Injunction," Plaintiff does not allege a cause of action. Instead, this count requests relief to which this Court finds that Plaintiff is not entitled–as the Court has determined that Defendants are entitled to dismissal or summary judgment on each of Plaintiff's substantive claims. Count XIII, therefore, fails as a matter of law. *See Twombly*, 550 U.S. at 555; *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548.

Moreover, Plaintiff has not responded to Defendants' motion as to this claim. The Court, again, assumes he concedes this point and abandons the claim. Accordingly, Defendants are also entitled to have the claim dismissed because it has filed a responsive pleading and Plaintiff has failed to dispute the arguments or otherwise prosecute the claim. *See* Fed. R. Civ. P. 41.

## IV. Conclusion

For the foregoing reasons, Defendants' motion is hereby GRANTED.

       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: December 15, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 15, 2009, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager